# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DARRELL GREGORY, III, )
)
    Movant, )
)
v. ) Case No. CV407-129
)     [CR405-262]
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Darrell Gregory, III has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government opposes the motion. (Doc. 5.) The motion should be **DENIED** for the following reasons.

## I. BACKGROUND

In September 2005, a federal grand jury charged movant with one count of possession with intent to distribute

---

[1] Unless otherwise noted, citations are to the docket in the movant's civil case, CV407-129. "Cr. doc." refers to documents filed under movant's criminal case, CR405-262.

methamphetamine, one count of possession with intent to distribute cocaine hydrochloride, and one count of possession of a firearm by a convicted felon. (Cr. doc. 1.) On June 28, 2006, movant, represented by appointed counsel Thomas A. Nash, Jr., entered a negotiated guilty plea to the gun charge. (Cr. doc. 25.) On October 17, 2006, movant was sentenced to 100 months' imprisonment, three years' supervised release, and a $100 special assessment. (Cr. doc. 26.) On September 4, 2007, movant filed the present § 2255 motion. (Doc. 1.)

## II. ANALYSIS

Movant raises three issues in his § 2255 motion. (Id.) First, he alleges that the district court erred by failing to consider his objections to the presentence investigation report ("PSI"). (Id. at 6(a).) Second, he alleges that trial counsel was ineffective for failing to argue his objections pertaining to his base level offense. (Id. at 8(a).) Finally, he argues that his trial counsel was ineffective for failing to file a notice of appeal despite his specific request that

he do so. (Id. at 5(a).) The Court will now address the merits of movant's arguments.

### A. Objections to Presentence Report

Movant contends that the district court erred by disregarding the objections that he raised pertaining to a prior offense that was used to enhance his base level offense in the PSI. (Doc. 1 at 6(a).) This argument is procedurally defaulted due to movant's failure to raise it on direct appeal.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). Because a defendant who pleads guilty and is sentenced under the guidelines has a right to direct appeal of his sentence, he has no right to raise guidelines sentencing issues in a § 2255 proceeding. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995). "[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States,

3

538 U.S. 500, 504 (2003). As movant has shown neither cause nor prejudice for his failure to raise this issue on direct appeal, this claim is procedurally defaulted.

Even if this claim was not procedurally defaulted, movant would still fail to succeed on the merits of the claim. In his objections to the PSI, movant's counsel argued that one of movant's prior convictions was a successfully completed first offender sentence which should not be considered as a conviction in determining his base offense level. (Doc. 4 at 2-3.) During the sentencing hearing, the judge informed movant that he had read the objections filed to the PSI and would consider the objections as part of the record in the case. (Sentencing Hr'g Tr. at 4.) Despite the objections, the court adopted the position of the probation officer in the PSI with regard to the application of the advisory sentencing guidelines. (Id. at 5-6.)

The Eleventh Circuit has held that a prior conviction under the Georgia First Offender Act counts as a prior conviction for sentencing guidelines criminal history calculation purposes. United States v. Knight, 154 F. App'x 798, 799 (11th Cir. 2005).

The sentencing court properly considered movant's objections regarding his first offender conviction pursuant to Fed. R. Crim. P. 32(i) and found that, despite his objections, his first offender conviction was properly considered in determining his base offense level. Since the sentencing court properly considered and denied his objections, this ground for § 2255 relief is without merit.

### B. Failing to Argue Objections to the PSI

Movant next alleges that his attorney was ineffective because, despite filing a written objection to the PSI regarding his first offender conviction, he failed to argue the objection at the sentencing hearing. (Doc. 1 at 8(a).)

"An ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008). In order to establish ineffective assistance of counsel, movant must demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced his defense to such a degree that the results of the trial are called into question. Strickland v. Washington, 466 U.S. 668 (1984).

5

As stated above, movant's counsel filed an objection to the PSI regarding movant's first offender conviction prior to the sentencing hearing. (Sentencing Hr'g Tr. at 4.) Movant's counsel testified during the § 2255 evidentiary hearing that, prior to the sentencing hearing, the government showed him a case which removed the possibility of winning on that objection. At the sentencing hearing, the judge stated that he had read and considered the objection. (Id. at 4-5.) Over counsel's objection, the Court adopted the position of the probation officer in the PSI with regard to the application of the advisory guidelines based on the decision in Knight, 154 F. App'x at 789. (Id. at 5-6.)

Since the objection was meritless under Knight, 154 F. App'x at 789, counsel's decision not reiterate it at the sentencing hearing was reasonable. Therefore, counsel's performance was not deficient. In addition, as the objection was meritless, counsel's failure to argue it at the sentencing hearing could not have prejudiced the defense. Based on the foregoing, the Court finds that this ground for § 2255 relief should be denied.

## C. Denial of Right to Direct Appeal

Movant contends that although he specifically requested that counsel file a direct appeal, counsel failed to do so in violation of his Sixth Amendment right to effective assistance of counsel. (Doc. 1 at 5(a).)

The law is well settled "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (per curiam). Because a defendant is entitled to a direct appeal from his conviction as a matter of right, Rodriquez v. United States, 395 U.S. 327, 329-30 (1969), "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino, 68 F.3d at 417; Flores-Ortega, 528 U.S. at 477.

On February 27, 2008, after appointing counsel to represent movant, the Court held an evidentiary hearing on this issue. At the

7

hearing, the Court heard testimony from movant and his trial attorney, Thomas A. Nash, Jr. Mr. Nash testified that movant never requested that he file an appeal. Nash stated that during a "very brief conversation" with movant immediately after sentencing, he explained that movant had been sentenced at the low end of the guidelines range, that he could have received more time even had they won on the objection regarding the first offender conviction (as the guidelines ranges overlapped), and that there was no benefit to pursuing an appeal. Although Nash conceded that he did not specifically ask movant if he wanted to appeal, he testified that it was clear from the nature of their conversation that no appeal would be filed and that it was understood that his representation of movant was at an end.

Movant testified that his conversation with Nash was "pretty much exactly like he said." Movant, however, contends that after Nash explained that he had received a favorable sentence, he nevertheless made clear to Nash that "we're still going to file an appeal." After considering this conflict in the testimony, the Court

8

credits Mr. Nash's version of the events and discounts movant's testimony that he asked his attorney to file an appeal.

Where the movant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," the Court must ask "whether counsel in fact consulted with the defendant about an appeal." Flores-Ortega, 528 U.S. at 478.[2] Counsel must consult with the defendant about an appeal only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. In evaluating whether counsel's failure to consult was reasonable under all the circumstances, "a highly relevant factor" in the inquiry is whether the conviction follows a guilty plea, "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial

---

[2] Though counsel generally has a duty to consult with his client, it is possible that "a sentencing court's instruction to a defendant about his . . . rights in a particular case are so clear and informative as to substitute for counsel's duty to consult." Flores-Ortega, 528 U.S. at 479-80. The government does not contend that the court's instructions to movant in this case were so informative as to satisfy the consultation requirement.

9

proceedings." Id. Also relevant is whether the defendant received the sentence he bargained for under the plea agreement. Id.

Prior to sentencing, movant entered a negotiated guilty plea in which the government dismissed the more serious drug charges. (Cr. doc. 25.) The court then sentenced movant to the lower end of the guidelines range as calculated in the presentence report. (Sentencing Hr'g Tr. at 6, 8.) After imposing the sentence, the sentencing judge advised plaintiff of his right to appeal and explained the ten-day deadline in which he must file a notice of appeal. (Sentencing Hr'g Tr. at 10.) The judge went on to explain that the clerk of court would prepare and file the notice at movant's request. (Id.)

Immediately after sentencing, Mr. Nash explained to movant that the sentence was at the bottom of the guidelines range, that he saw no benefit to appealing since the sentencing court properly considered movant's first offender conviction, and that there was a possibility that movant could receive a longer sentence if for some reason he prevailed on appeal. After discussing these issues with movant, movant failed to request that counsel file an appeal on his

behalf. Thus, there is no evidence that this particular defendant expressed any interest in appealing his conviction or sentence.

Movant testified during the evidentiary hearing that the sole reason that he wanted to appeal was to challenge the use of his prior first offender conviction in determining his base offense level. Based on the decision in United States v. Knight, 154 F. App'x 798 (11th Cir. 2005),³ it is clear that such an appeal would have been frivolous. Since movant pled guilty, an appeal in his case would be limited to sentencing issues. Montemoino v. United States, 68 F.3d 416, 418-19 (11th Cir. 1995). In this case, movant has failed to identify any nonfrivolous grounds for appeal. Accordingly, he has failed to demonstrate that any rational defendant would want to appeal the sentencing court's decision. As movant has also failed to demonstrate that he was interested in appealing, there was no duty to consult in this case.

However, even if there was a duty to consult, the Court finds that Mr. Nash adequately consulted with movant. According to the Eleventh Circuit, "adequate consultation requires informing a

---

³ The Knight case held that a prior conviction under the Georgia First Offender Act counts as a prior conviction for sentencing guidelines criminal history calculation purposes. 154 F. App'x at 799-800.

11

client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007). "The question of what constitutes adequate consultation . . . is not one of duration, but of content." Id. at 1207. Directly after sentencing movant, the court explained the right to appeal and the deadlines applicable to filing the notice of appeal. (Sentencing Hr'g Tr. at 10.) Movant admitted during the evidentiary hearing that he heard and understood the judge's instructions. Since movant clearly understood his right to appeal based on the court's instructions, it was not unreasonable for Mr. Nash to fail to repeat those instructions immediately after the conclusion of the sentencing hearing. Mr. Nash then explained the favorable nature of the sentence, expressed his view that there would be no benefit to filing an appeal, and further explained that even if movant won on appeal, he could possibly be re-sentenced to a longer term of imprisonment. Thus, Nash adequately explained the advantages

and disadvantages of appealing to movant. After these discussions, it was clear to movant that Nash did not intend to file an appeal. Nevertheless, movant never indicated that he wanted Nash to appeal. The Court is therefore of the opinion that Nash's consultation was adequate under Thompson, 504 F.3d at 1206.

Counsel clearly acted in a professionally responsible manner under Flores and Thompson. Since movant was fully advised of his appeal rights, and since he knew that his attorney thought that such an appeal would be futile and believed that movant shared this view, Nash did not err in failing to file a notice of appeal when his client never requested that he do so. Therefore, this ground of movant's § 2255 motion should be denied.

## III. CONCLUSION

For the foregoing reasons, the Court should **DENY** movant's § 2255 motion.

**SO REPORTED AND RECOMMENDED** this <u>10th</u> day of March, 2008.

<u>/s/ G.R. SMITH</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA